Johnson, J.
delivered the opinion of the Court.
This Court concurs with the presiding Judge, in the views he has taken of the admissibility of the parol evidence, going to shew that the indulgence given to M’Kinney the maker, was with the consent, and under an agreement with the defendant; as well as to the effect of the diligence used by the plaintiffs, in making a demand on M’Kiuney, and giving notice to the defendant, of the non-payment of the note. The only question, therefore, remaining to be considered is, whether this contract is usurious.
In considering this question, we are necessarily led to inquire into the original contract between these parties, by which the plaintiffs agreed to lend to the defendant the sum of $3000, in U. S. Bank bills, upon a promise on his part, that he would repay it in the time specified, with lawful interest; and that if it was not repaid in U. S. Bank bills, he would pay the further sum of 5 per cent, as a premium. For this being the predicate, or consideration, of the contract of indorsement, on which this action is founded, it is void if that was usurious. If, as the presiding Judge supposes, this additional per eentage was stipulated for, by way of penalty, for the non-performance of the undertaking, it was not usury ; although I incline to think, that the plaintiffs could not have recovered it in an action at law. Penal bonds conditioned for the payment of money are in common use, and no one ever yet regarded them as usurious. Nor was that contract usurious, if, as ! suppose the truth of the case to be, it was a fair and bona fide stipulation, that the defendant should make good any loss, which the plaintiffs might sustain in receiving other bank bills of less value : or in other words, that it was a fair estimate of the rate of exchange between the U. S. and other bank paper.
*328 Having arrived at this conclusion, it only remains to be eon- , . ■ , sulerea, whether there was any thing usurious m the agreement under which the defendant indorsed M’Kinney’s note to the plaintiffs : aiid to do this, we are necessarily brought to the state 1 . . ’ „ „ , b , , o( things existing at the time. The defendant, to say the least of it, was indebted to the plaintiffs at the time, in the sum borrowed, with the legal interest upon it. When called on for payment, he had neither specie, U. S., or any other bank bills to pay with ; but he says to the plaintiffs, if you will receive notes in payment, I will allow you, in addition to the 5 per cent, contracted for, by way of penalty, (or as I have supposed, for the purpose of covering the rate of exchange,) twelve per cent, on the amount of the notes. Is this usury ?
Without intending to recite all of the provisions of the act minutely, I will venture to affirm that the only cases provided for in it, are those where the lender contracts to accept more than seven per cent per annum,, for the loan of money, or other commodity; or where he contracts to receive a greater rate of interest for the forbearing and giving day of payment.
It is not pretended, that this case falls within the class first provided for. The contract for the loan which has been before shewn to be lawful, had long preceded this ; and I think it. demonstrable, that the contract on which this suit is brought, does not fall within the second class. There is no stipulation in the contract itself, to give further time for the payment: on the contrary, it was accepted in discharge of, and extinguished the pre-existing debt; nor indeed does an indorsement impose any immediate liability on the indorser. That does not arise, until the maker fails to pay on demand made ; and it would puzzle sophistry itself, to deduce from the legal effects of the indorsement, any agreement on the part of the plaintiffs, to give day, or forbear, beyond that period.
I am not prepared to say, that usury might not be committed in the sale or transfer of negotiable or other paper ; for it has been correctly said, that the wit of man has never yet devised the means of evading the Statute. But 1 will venture to assert, that no case of authority can be adduced, in which a fair and bona fide sale of negotiable, or other securities, for money ( has been held usurious, whatever may have been the rate of discount. One may buy a horse for a shilling', that is *329 Worth $100; and that is no usury, because there is no lending or giving of day. And why not a negotiable note 'Í It is equally a matter of traffic; and all the authorities agree, that it is not usurious to buy or to sell negotiable paper, founded on a legal consideration, for less than its nominal value.
Now 1 take it, that there is not in the whole of this case, one tittle of evidence going to shew, directly, that there was any thing illegal, or corrupt, in the contract between these parties ; or that there was any secret understanding between them, intended to evade the statute: on the contrary, it is plain, that it was a perfectly fair and bona fide transaction ; and we cannot presume that it was otherwise, in opposition to the facts proved, and the finding of the jury. The defendant must, therefore, be bound by it.
The extent of the plaintiffs’ right to recover, yet remains to be considered. In the cases of Braman v. Hess, 13. Johns 52, and Munn v. Commission Company, 15 Id. 44, in the Supreme Court of New York, the rule is laid down, and I think with great reason, that in cases like the present, the defendant may go into evidence to shew the consideration actually paid for the note; and that the plaintiff is intitled to recover no more. The jury in the present case, have found the whole amount of the note, and it is conceded, that, according to this rule, the defendant is intitled to a deduction of the 12 per cent, allowed as a discount upon it; and I think, for the same reasons, that he is intitled to a deduction of the 5 per cent, stipulated for in the original note.
If that be regarded as a penalty, the-plaintiffs would not be intitled to recover it at law ; because after judgment, he would not be bound to accept, even U. S. Bank bills, or any other, in payment: and he would thus evade the condition which the agreement implies on his part. And for the same reason he would not be intitled to recover it, if the object of the contract was to provide for the difference between the exchange of U. S. and other bank bills, for it could not, then, enter into the actual consideration of the indorsement.
The nominal amount of the note, is $1750, and deducting from it, 17 per cent, the aggregate of discount and premium before noticed, the sum actually paid for it was only $1470, *330 which, with interest from the 18th Sept. 1826, the time when the note fell due, constitutes the true measure of the plaintiffs’ recovery.
It is, therefore, ordered, that a new trial be granted, unless the plaintiffs enter a remittitur for the excess of the verdict.
Motion granted nisi.